**UNITED STATES of America**

v.

**Donald Edward POINSETT, Defendant.**

**Cr. No. 96–CR–380 (LEK).**

United States District Court,
N.D. New York.

Jan. 30, 1997.

Thomas J. Maroney, United States Attorney for the Northern District of New York, Albany, NY, for Plaintiff (Robert P. Storch, Assistant U.S. Attorney, of counsel).

James E. Long, Albany, NY, for Defendant.

### MEMORANDUM–DECISION AND ORDER

HOMER, United States Magistrate Judge.

Presently pending is the motion of the United States for an order pursuant to 18 U.S.C. § 3148(b) revoking the release of defendant Donald E. Poinsett based on the defendant's continued use of drugs. For the reasons which follow, the motion of the United States is granted.

### I. Background

On October 25, 1996, the defendant was arrested pursuant to a complaint alleging that the defendant made a false statement to the Veterans Administration (VA) in violation of 18 U.S.C. § 1001. According to the complaint, the defendant falsely denied any prior criminal conviction in an application for employment submitted to the VA. At his initial appearance on the same date, the defendant was ordered released on a $10,000 personal recognizance bond and certain additional conditions. Included among those conditions were the following:

(7) The defendant shall:

(e) report on a regular basis to [Pretrial Services].

. . . . .

(h) refrain from . . . any use or unlawful possession of a narcotic drug and. other controlled substances defined in 21 U.S.C. § 802.

. . . . .

(p) [be]' subject to random drug testing, evaluation and treatment as directed by the U.S. Probation Department.

The order of release further advised the defendant that "[a] violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, [and] an order of detention. . . ." Docket No. 5.

The defendant tested positive for cocaine and heroin on October 31 and November 7, 1996. He then acknowledged to Pretrial Services that he had been addicted to heroin for fifteen years and was currently participating in a Methadone program as an outpatient. Pretrial Services initiated closer monitoring of the defendant and directed continued participation in the Methadone program. The United States did not seek revocation of the defendant's release.

On December 4, 1996, the defendant entered a plea of guilty to an information charging a felony violation of 18 U.S.C. § 1001. Docket No. 11. The defendant was continued released on a $10,000 personal recognizance bond pending sentencing. A new Order Setting Conditions of Release was entered which continued the conditions contained in the previous order. Docket No. 12. Sentencing was scheduled for March 4, 1997.

By letter dated January 21, 1997, Pretrial Services advised that the defendant had tested positive for heroin on December 30, 1996 and for cocaine on January .13 and 16, 1997. The letter also advised that the defendant had failed to report to Pretrial Services as required on five separate occasions. A warrant was issued for the arrest of the defendant upon the application of the United States to revoke the defendant's release. The defendant was arrested on January 28, 1997. At a hearing on January 29, 1997, through his attorney, the defendant admitted

the conduct alleged in the letter dated January 21, 1997.

## II. Discussion

The United States seeks revocation under 18 U.S.C. § 3148(b). That subsection states in pertinent part as follows:

. . . the judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—

(1) finds that there is

. . . . .

(B) clear and convincing evidence that the person has violated any . . . condition of release; and

(2) finds that—

. . . . .

(B) the person is unlikely to abide by any condition or combination of conditions of release.

■ The defendant has admitted violating the conditions of his release· as set forth in the letter from Pretrial Services dated January 21, 1997. Those conditions include the requirement that the defendant report on a regular basis to Pretrial Services, refrain from the use or unlawful possession of a narcotic drug or other controlled substance, and be subject to random drug testing, evaluation and treatment. The United States has, therefore, satisfied its burden by clear and convincing evidence under section 3148(b)(1)(B) that the defendant has violated those conditions of release.

■ Under section 3148(b)(2)(B), the United States must next establish by a preponderance of the evidence that the defendant is unlikely to abide by the conditions of his release in the future. *See United States v. Gotti,* 794 F.2d 773, 778 (2d Cir.1986); *United States v. Concepcion,* No. 95–CV–624–1, 1996 WL 146107, at *2 (E.D.Pa. April 1, 1996). The United States contends that the defendant's past conduct, including drug use, failures to report to Pretrial Services, dishonesty regarding past drug use and his unsuitability for additional treatment, render the defendant unlikely to abide by his conditions of release in the future. The defendant contends that, while he is an addict, he is willing

to undergo inpatient treatment and to abide by the other conditions of his release to the extent possible. The defendant further contends, however, that his drug addiction combined with the minimal danger posed to the community by the crime for which he was convicted and the minimal sentence which he faces under the Sentencing Guidelines [1] militate against his detention pending sentencing.

I find that the United States has satisfied its burden under section 3148(b)(2)(B) by a preponderance of the evidence. The defendant twice failed drug tests within two weeks of his initial arrest. He was confronted with these failures, acknowledged his previously denied prior drug history, supervision was increased, and the treatment program in which he was then participating was continued. The defendant's drug use continued, as did his failure to report to Pretrial Services as directed. Thus, whether by choice or as a result of his addiction, the defendant has demonstrated a present inability to comply with important conditions of his release.

### III. Conclusion

Accordingly, for the reasons set forth above, it is hereby

ORDERED that the motion of the United States pursuant to 18 U.S.C. § 3148(b) to revoke the order previously entered releasing the defendant on certain conditions is GRANTED; and

IT IS FURTHER ORDERED that pursuant to 18 U.S.C. §§ 3143(a) and 3148(b), the defendant is committed to the custody of the Attorney General; and

IT IS FURTHER ORDERED that the defendant be afforded reasonable opportunity for private consultation with counsel, and that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the correction facility in which the defendant is confined, deliver the defendant to a United States

---

1. According to the Presentence Report, the defendant's applicable Sentencing Guidelines range

marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

is four to ten months imprisonment.